# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Alfred Certeza,<br><br>    Plaintiff,<br>vs.<br><br>AT&T Umbrella Benefit Plan No. 3, AT&T Southeast Disability Benefits Program, & Sedgwick.<br><br>    Defendants. | Case No. 0:19-cv-1921<br><br>**COMPLAINT** |

Plaintiff, for his Complaint against Defendants, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Defendants AT&T Umbrella Benefit Plan No. 3, AT&T Southeast Disability Benefits Program, & Sedgwick, may be found in this district. In particular, AT&T and Sedgwick are registered as corporations with the State of

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota, conducts ongoing business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant AT&T Umbrella Benefit Plan No. 3 is the employee benefit plan ("Plan") that AT&T created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Sedgwick acts as the claims administrator for the AT&T Umbrella Benefit Plan No. 3 and AT&T Southeast Disability Benefits Program.

5. On information and belief, Defendant AT&T Umbrella Benefit Plan No. 3, AT&T Southeast Disability Benefits Program is a corporation organized and existing under the laws of the State of Delaware, Defendant AT&T Umbrella Benefit Plan No. 3 is a plan created and maintained by AT&T, and Sedgwick is a corporation organized and existing under the laws of the State of Tennessee. Defendants collectively act as the insurer and claims administrator for the Plan.

6. Plaintiff is a resident and citizen of the United States, an employee of AT&T and a participant in the Plan.

7. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

8. On information and belief, Plaintiff was covered at all relevant times under group disability plan number 78-31419 which was issued by AT&T Umbrella Benefit Plan No. 3 to AT&T to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

9. The Plan is an ERISA welfare benefit plan.

10. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

11. Plaintiff became disabled under the terms of the Plan's policy on or about May 19, 2018 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

12. Plaintiff submitted a timely claim to Defendants for disability benefits.

13. Defendants denied Plaintiff's claim for disability benefits. Plaintiff appealed Defendant's decision, but Defendants denied Plaintiff's appeal on May 16, 2019.

14. Plaintiff provided Defendants with substantial medical evidence demonstrating he was eligible for disability benefits.

15. Defendant's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan,

contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Defendants failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. Defendants relied on the opinion of a medical professional who was financially biased by his/her relationship with Defendants and as such unable to offer an unbiased opinion;

    c. Defendants relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. Defendants relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. Defendants ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. Defendants ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

16.     Defendants abused their discretion in denying Plaintiff's claim.

17. The decision to deny benefits was wrong under the terms of the Plan.

18. The decision to deny benefits was not supported by substantial evidence in the record.

19. Defendants's failure to provide benefits due under the Plan constitutes a breach of the Plan.

20. Defendants's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from May 25, 2018 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

21. Defendant's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

22. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand

and instruct Defendants to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants:

1. A finding in favor of Plaintiff against Defendants;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.
6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;
7. Reasonable costs and attorneys' fees incurred in this action;
8. Any other legal or equitable relief the Court deems appropriate.

| | |
|---|---|
| Dated: 07/22/2019 | RESPECTFULLY SUBMITTED, |

By: /s/ Zach Schmoll

Zach Schmoll (MN Bar # 0396093)
Stephen Fields (MN Bar # 0276571)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Zach@Fieldslaw.com
Steve@Fieldslaw.com

*Attorneys for Plaintiffs*